**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| BRUCE BRYEN, | : | |
| Debtor. | : | Bky. No. 04-10868ELF |
| | : | |
| BRUCE BRYEN, | : | |
| Plaintiff, | : | |
| v. | : | Adv. No. 08-00012ELF |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

# O R D E R

**AND NOW,** the Debtor-Plaintiff Bruce Bryen ("the Plaintiff") having filed an Objection on November 14, 2008[1] seeking to preclude the Defendant United States of America ("the Defendant") from introducing at trial discovery material ("the Tauck Evidence") that the Defendant obtained from a nonparty entity, Tauck World Discovery ("Tauck");[2]

**AND**, the bases for the Plaintiff's Objection being that (1) the Defendant obtained the Tauck Evidence by serving a subpoena after the close of discovery and in violation of the governing Pretrial Orders, including this court's July 23, 2008 Order ("PTO #3") and that (2) the

---

[1] See Adv. Docket Entry No. 50.

[2] See Adv. Docket Entry No. 55 (Section VII, Exs. 104-105).

1

Defendant violated Fed. R. P. 26(e)(2)[3] by failing to supplement its initial disclosures and/or discovery responses to identify the Tauck Evidence it seeks to use at trial;[4]

**AND**, the court having heard argument on the Plaintiff's Objection at the final pretrial conference on December 11, 2008;

**AND**, the court having entered an Order on December 12, 2008 requiring the Defendant to file on or by December 31, 2008 a memorandum of law in support of its position that the Tauck Evidence should be admitted over the Plaintiff's Objection;[5]

**AND**, the Defendant having filed a memorandum of law in opposition to the Plaintiff's Objection on December 30, 2008;[6]

**AND**, the Plaintiff having served by facsimile a letter in response to the Defendant's Opposition on January 5, 2008[7] and the Defendant having responded to this submission by letter dated January 5, 2008;[8]

---

[3] Fed. R. Civ. P. 26 is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7026.

[4] In its Objection, the Plaintiff also made certain sweeping objections to the Defendant's disclosed witnesses and documents on the grounds of relevance. To the extent those objections relate to the admissibility of the Tauck Evidence, I do not reach those objections in this Order. The Plaintiff retains the right to assert them at trial when and/or if appropriate.

[5] See Adv. Docket Entry No. 56 ¶2.

[6] See Adv. Docket Entry No. 60.

[7] See Adv. Docket Entry No. 62.

[8] See Adv. Docket Entry No. 63.

**AND**, the court having considered carefully the parties' submissions and argument at the pretrial hearing;

\* \* \*

**AND**, Fed. R. Civ. P. 16(f)(1)(C)[9] providing that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) [relating, <u>inter alia</u>, to precluding a party from introducing certain evidence at trial], if a party or its attorney . . . fails to obey a scheduling or other pretrial order";[10]

**AND**, Fed. R. Civ. P. 37(b)(2)[11] generally providing authority for the entry of "just orders", including an order "prohibiting the disobedient party . . . from introducing designated matters into evidence" if a party fails to "obey an order to provide or permit discovery", <u>see, e.g.</u>, Fed. R. Civ. P. 37(b)(2)(A)(ii);[12]

**AND**, Fed. R. Civ. P. 26(e)(1)(A) providing that a party must supplement its discovery responses and Rule 26 disclosures "in a timely manner if the party learns that in some material respect the . . . response is incomplete . . ., and if the additional . . . information has not

---

[9]    Fed. R. Civ. P. 16 is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7016.

[10]    While the Plaintiff does not cite specifically to Fed. R. Civ. P. 16 in its Objection, the Plaintiff seeks the entry of an order precluding the Defendant from using discovery obtained in violation of a court order -- <u>i.e.</u>, the relief available through a combination of the application of Fed. R. Civ. P. 37 and Fed. R. Civ. P. 16.

[11]    Fed. R. Civ. P. 37 is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7037.

[12]    With respect to the federal government and its agencies, <u>see also</u> 11 U.S.C. §106(a).

otherwise been made known to the parties during the discovery process or in writing;"

**AND**, Fed. R. Civ. P. 37(c)(1) further providing that if a party fails to comply with Rule 26(e) and supplement its outstanding discovery responses, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless";

**AND**, our Court of Appeals in Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000) having provided guidance for assessing whether the "exclusion of evidence [i.e., the sanction the Plaintiff currently seeks in this case] is an appropriate sanction for failure to comply with discovery duties" by setting forth a list of four factors that a court must consider, which factors include:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;
>
> (2) the ability of the party to cure that prejudice;
>
> (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and
>
> (4) bad faith or wilfullness in failing to comply with a court order or discovery obligation.

Id. at 148; see also Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997);

\* \* \*

**AND**, the court finding that:

> (1) PTO #3 granted the Defendant an extension of the discovery deadline to October 3, 2008, but only for the limited purposes of:

4

>> (a) obtaining discovery by way of third-party subpoena from Commerce Bank with respect to the bank records of Carolyn Walter, the Plaintiff's wife,
>
>> (b) enforcing any third-party subpoena already issued as to which the Defendant had not received a response and
>
>> (c) obtaining discovery by way of third-party subpoena from the entity that manages the real property at which the Plaintiff's mother resides.
>
> See PTO#3 (Adv. Docket Entry No. 32) ¶2;

(2) Discovery falling outside the three categories enumerated in PTO #3 was governed by the court's July 1, 2008 pretrial order, which set a discovery deadline of July 31, 2008.  See Adv. Docket Entry No. 18;

(3) The subpoena the Defendant served on Tauck did not fit into any of the three categories of extended discovery permitted by PTO #3; and

(4) By serving the Tauck subpoena on August 28, 2008, after the discovery deadline of July 31, 2008, the Defendant violated the court's pretrial orders and did so without substantial justification.[13]

**AND,** the court nonetheless concluding, upon consideration of the application of the Nichols factors to the parties' present dispute, that ordering the exclusion of the Tauck Evidence would not be a just sanction for the Defendants' violation of the court's pretrial order because:

(1) the Plaintiff has not shown that the prosecution of his case will be significantly prejudiced by the admission of the Tauck Evidence or that he would be unduly surprised by it;[14]

---

[13]  See, e.g., Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 241 (3d. Cir. 2007) (citing Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997) for principle that "'substantial justification'" occurs when there is a 'genuine dispute concerning compliance'").

[14]  In determining that the Plaintiff will not suffer significant prejudice, I am influenced by the following:

> (1) the Plaintiff was served with a copy of the Tauck subpoena in August 2008 (i.e., approximately six months ago);

5

(2) trial is not scheduled until March 13, 2009 and that trial date will not be disrupted or delayed by the Defendant's admission of the Tauck Evidence because the Plaintiff has not contended that he needs any additional time or discovery to address the Defendant's introduction of the Tauck Evidence at trial;

**AND**, the court additionally finding that, although the Defendant did not update its discovery responses pursuant to Fed. R. Civ. P 26(e) (assuming <u>arguendo</u> that it was under an obligation to do so), it served a copy of the subpoena on the Plaintiff and produced copies of the

---

(2) the Defendant served the Plaintiff with a copy of Tauck's response to the subpoena;

(3) the Tauck subpoena concerns the Plaintiff's own travel records, which are presumably well known to the Plaintiff;

(4) the Defendant's interest in the Plaintiff's use of Tauck's services should have come as no surprise to the Plaintiff -- by the Plaintiff's own admission, the Defendant had been questioning him about his use of Tauck for travel purposes since as early his June 23, 2008 deposition;

(5) the Plaintiff apparently used credit cards (such as American Express) to fund some or all of his travel with Tauck and the Defendant timely subpoenaed information from those credit card companies (thus, even if the court were to sustain the Plaintiff's Objection, information concerning Tauck may be admissible through other avenues);

(6) based in particular on factors (4) and (5), the Plaintiff has been on notice for some time of the need to plan a response to the Defendant's possible use of Tauck travel charges at trial; and

(7  any prejudice the Plaintiff may have incurred is capable of being addressed through a lesser sanction.

documents received; accordingly information concerning Tauck was "otherwise . . . made known" to the Plaintiff, see Fed. R. Civ. P. 26(e)(1)(A);

It is hereby **ORDERED** that:

1. Defendant's Objection to the admissibility of the Tauck Evidence is **OVERRULED** without prejudice to the Plaintiff's right to request, at a later date and supported by appropriate evidentiary support and/or affidavits, that a lesser sanction be imposed to remedy the Defendant's violation of the court's pretrial orders. See, e.g. Fed. R. Civ. P. 16(f)(2); see generally In re Sierer, 137 B.R. 523 (Bankr. N.D. Fla 1991).[15]

2. Any request made pursuant to ¶1 above shall be initiated by motion filed no later than **April 15, 2009**.

**Date:    February 26, 2009**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

[15] My finding that the Plaintiff has not demonstrated the level of prejudice that would justify the extreme sanction of exclusion of evidence does not equate to a finding that the Plaintiff has suffered no prejudice at all. I acknowledge that the Plaintiff may have been prejudiced in other ways -- e.g., by having to bring and argue the current Objection, by having to change his plan for prosecution of this adversary in some way in response to Tauck's production, etc. To the extent this prejudice resulted in additional expense to the Plaintiff that can be quantified, I will entertain a request for the imposition of a monetary sanction, subject to consideration of any defenses that may be available to the Defendant.